**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: David Todd Jaeder**<br>**Debtor(s)**<br><br>**Deutsche Bank National Trust Company, as Trustee for the Asset Backed Securities Corporation Long Beach Home Equity Loan Trust 2000-LB1 Home Equity Loan Pass-Through Certificates, Series 2000-LB1**<br>**Movant**<br><br>**vs.**<br><br>**David Todd Jaeder**<br>**Respondent(s)** | **BK NO. 25-03434 MJC**<br><br>**Chapter 13**<br><br>**Hearing Date: 10/15/2026** |

**OBJECTION OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE ASSET BACKED SECURITIES CORPORATION LONG BEACH HOME EQUITY LOAN TRUST 2000-LB1 HOME EQUITY LOAN PASS-THROUGH CERTIFICATES, SERIES 2000-LB1 TO CONFIRMATION OF THIRD AMENDED CHAPTER 13 PLAN**

Deutsche Bank National Trust Company, as Trustee for the Asset Backed Securities Corporation Long Beach Home Equity Loan Trust 2000-LB1 Home Equity Loan Pass-Through Certificates, Series 2000-LB1 (hereinafter Secured Creditor), objects to confirmation of Debtor's 3RD Amended Chapter 13 plan and asserts in support of its Objection as follows:

1. On February 5, 2026, Secured Creditor filed a secured proof of claim setting a total debt claim in the amount of $505,499.01 and the loan documents enclosed therein indicate that the loan matures on August 1, 2030.

2. Debtor's 3RD Amended Plan has a proposed plan length through November 2030 (well after the maturity date of the loan), provides for payment in the amount of $425,074.99 towards the Secured Creditor's total debt claim, and erroneously lists the claim in the Arrears section in Part 2(C).

3. Debtor's 3RD Amended Plan understates the amount of the Secured Creditor's claim by $80,424.02 and does not provide sufficient funding to pay said claim including present value interest.

4. The Debtor's 3RD Amended Plan also fails to acknowledge that the Debtor will be directly responsible for ongoing payment of taxes and insurance on the mortgaged property because the loan matures during the bankruptcy plan.

5. Additionally, the Debtor's 3RD Amended Plan does not provide for interest on the total debt claim pursuant to Till v. SCS Credit Corporation, 541 U.S. 465 (2004).

6. Debtor states in section B3 that funding of the plan will be made in part by a distribution from retirement accounts. This statement is vague and speculative and may further affect feasibility if these retirement distributions are loans that will need to be repaid reducing Debtor's monthly income.

7. Accordingly, Debtor's 3RD Amended Plan is not feasible as it does not fully compensate the Secured Creditor and therefore, the Debtor's 2nd Amended Plan fails to comply with 11 U.S.C. §§ 1322 and 1325.

WHEREFORE, the Secured Creditor, Deutsche Bank National Trust Company, as Trustee for the Asset Backed Securities Corporation Long Beach Home Equity Loan Trust 2000-LB1 Home Equity Loan Pass-Through Certificates, Series 2000-LB1, prays that the Court deny confirmation of the Debtor's 3RD Amended Plan.

Respectfully submitted,

Date: October 1, 2026

By: /s/ Maggie Soboleski

Maggie Soboleski, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
Phone: (215) 627-1322 Fax: (215) 627-7734
Attorneys for Movant/Applicant
bkgroup@kmllawgroup.com