UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>DAVID TODD JAEDER<br>Debtor<br><br>JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>Movant<br><br>vs.<br><br>DAVID TODD JAEDER<br>Respondent | CHAPTER 13<br><br>CASE NO. 5:25-BK-03434-MJC |

**TRUSTEE'S OBJECTION TO THIRD AMENDED CHAPTER 13 PLAN**

COMES NOW Jack N. Zaharopoulos, who objects to confirmation of the above-referenced Debtor's plan for the following reason(s):

1. Debtor's Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor has not submitted all or such portion of the disposable income to Trustee as required. More specifically, Trustee alleges, and therefore avers, that Debtor's disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following:

   a) Debtor's monthly net income is $4,629.73 per Schedules I & J filed on November 30, 2025. Therefore, Debtor does not have sufficient income to make Plan payments in the amount of $5,900.00 starting October 2026.

2. Trustee avers that Debtor's Plan is not feasible based upon the following: a) Insufficient Monthly Net Income as indicated on Schedules I & J; and b) The Plan proposes unrealistic and speculative step payments, contrary to § 1325(a)(6). More specifically, the payment increase in January 2027 is grounded on an unsupported allegation that Debtor's son will be entering the union and covering the cost of the New York City apartment and taking over his own transportation costs. Further, the proposed withdrawal of $300,000.00 from retirement accounts is not feasible where Debtor was already under withholding, which resulted in $15,770.00 owed to the IRS for 2025. The Plan indicates that Debtor has increased his withholding and will take an additional amount to pay (40) forty percent of the total retirement account withdrawal to ensure that post-petition taxes are paid, but failed to amend his Schedules or otherwise explain how the increased withholding will be affordable in concert with the increase in monthly Plan payments in January 2027.

3. Trustee avers that Debtor's Plan cannot be administered due to the lack of the following: Debtor has not provided to Trustee pay advices for the months of September and October, 2026.

WHEREFORE, the Trustee alleges and avers that the plan cannot be confirmed and, therefore, the Trustee prays that this Honorable Court will:

a. Deny confirmation of Debtor's plan.
b. Dismiss or convert Debtor's case.
c. Provide such other relief as is equitable and just.

Dated: October 07, 2026

Respectfully submitted:

/s/ Jack N. Zaharopoulos

Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

**CERTIFICATE OF SERVICE**

I hereby certify that, on today's date, I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

J ZAC CHRISTMAN ESQUIRE
J ZAC CHRISTMAN LAW
538 MAIN ST, SUITE 102
STROUDSBURG, PA 18360

Dated: October 07, 2026

/s/ Tanya Scannelli

Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee